UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DEANITA WATTS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16CV46 HEA |
| | ) |
| U.S BANK, et al. | ) |
| | ) |
| Defendants. | ) |

# **OPNION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 19] and Plaintiff's "Motion to dismiss all claims with defendants," [Doc. No. 29]. For the reasons set forth below, Defendants' Motion will be granted; Plaintiff's Motion will be denied as moot.

## **LEGAL STANDARD FOR A MOTION TO DISMISS**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47

(1957)). *See also Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Twombly,* 550 U.S. at 555). *See also Hamilton v. Palm,* 621 F.3d 816, 818 (8th Cir.2010) ("[A]n allegation in any negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element.").

Further, with regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ... *see, e.g., ... Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Twombly,* 550 U.S. at 555–56. *See also Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir.2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.' ") (quoting *Stalley v. Catholic Health Initiative,* 509 F.3d 517, 521 (8th Cir.2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ." *Twombly,* 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

To the extent it has been argued that *Twombly* is applicable only in the anti-trust context, the Court in *Iqbal,* 129 S.Ct. 1937, made it clear that *Twombly* is applicable in a broader context.

In civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir.1995).

## DISCUSSION

Plaintiff alleges in her *pro se* Amended Complaint that her claim is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* for employment discrimination and the Rehabilitation Act of 1973, as

amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer. and "sexual harassment." Plaintiff's original complaint alleges that she told Defendant Johnson about how Andre Walton "was stalking [her], retaliation when [she] complained, harassment." Further, Plaintiff alleges that she explained on different occasions that Walton would stare at her and was being "aggressive when she didn't respond to him. Plaintiff filed a charge of discrimination with the EEOC against Defendant US Bank and received her notice of right to sue on October 28, 2015. Plaintiff did not name the individual defendants in the EEOC Charge. In the pending Motion to Dismiss, the individual defendants move to dismiss the Complaint and Amended Complaint as to themselves because they cannot be found individually liable to Plaintiff under Title VII.

"Title VII addresses the conduct of employers only and does not impose liability on coworkers." *Powell v. Yellow Book USA, Inc.,* 445 F.3d 1074, 1079 (8th Cir.2006) (citing *Smith v. St. Bernards Reg'l Med. Ctr.,* 19 F.3d 1254, 1255 (8th Cir.1994)). In particular, the Eighth Circuit "squarely [holds] that supervisors may not be held individually liable under Title VII." *Bonomolo–Hagen v. Clay Central–Everly Cmty. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir.1997) (per curiam) (citing *Spencer v. Ripley Cnty. State Bank,* 123 F.3d 690, 691–92 (8th Cir.1997)). *See also Gardner v. 4 U Tech., Inc.,* 88 F.Supp.2d 1005, 1008 (E.D.Mo.2000);

*Arnold v. St. Louis Metro. Police Dept.,* 2011 WL 3235722, *1 (E.D. Mo 2011) ("An individual holding a supervisory position of a Title VII plaintiff cannot be held liable under Title VII in his or her individual capacity.") (citing *Bales v. Wal–Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir.1998)).

As such, the Court finds that Plaintiff fails to state a claim upon which relief can be granted in regard to the individual defendants and that Plaintiff's claim against them should be dismissed in their entirety. *See* Rule 12(b)(6).

On March 28, 2016, Plaintiff filed a "Memorandum for Clerk" in which she advised the Court that she filed the Rehabilitation Act of 1973 claim in error and asks the Court to dismiss it. She also asks the Court to "include sex/discrimination and dismiss gender." The Court construes this memorandum as a motion for voluntary dismissal of the Rehabilitation claim and a Motion to Amend her Complaint to add a claim for sex discrimination. The motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. No. 19], is granted.

**IT IS FURTHER ORDERED** that the claims against Defendants Wright, Johnson, Hawkins, Butler, Walton, Sureaz, and Whitehorn in Plaintiff's Complaint are **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint. Plaintiff is admonished to set out her claims against Defendant US Bank in accordance with the standards set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to dismiss all claims with defendants," [Doc. No. 29], is denied as Moot.

Dated this 22nd day of November, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE