UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANITA WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16CV46 HEA |
| | ) |
| U.S BANK, et al. | ) |
| | ) |
| Defendants. | ) |

**<u>OPINION,MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant U.S. Banks Motion to Strike and to Dismiss, [Doc. No. 35]. Plaintiff has failed to respond to the Motion. For the reasons set forth below, Defendant's Motion will be granted.

On November 22, 2016, the Court dismissed the individual defendants originally named in Plaintiff's Complaint and ordered Plaintiff to file an Amended Complaint within 14 days of November 22, 2016. On December 6, 2016, Plaintiff filed a "Memorandum for Clerk" which stated:

Response

Fed.R.Civ.P. 15(a)(2)

Violation of 42 U.S.C. 1981 to include docket 6, 9, 10, 11, 12, 13, 14, 15, 16 input cases on docket 19, re 19, 29 and apply to cases to my case

Fed.R.Civ.P P. 15(a)(2) 1981 to include U.S. Bank, Andre Walton, LaVeshia Butler, Robbie Hawkins, CEO, CFO, Cynthia Johnson, Ricky Suarez,

Martell Whitehorn, Ashlee Wright, Tames Flack, and input U.S. Bank address 4000 W. Broadway, Robbinsdale, MN, 55422 in suit.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (quoting *Twombly,* 550 U.S. at 555). *See also Hamilton v. Palm,* 621 F.3d 816, 818 (8th Cir.2010) ("[A]n allegation in any negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element.").

Further, with regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ... *see, e.g.,* ... *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Twombly,* 550 U.S. at 555–56. *See also Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir.2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.' ") (quoting *Stalley v. Catholic Health Initiative,* 509 F.3d 517, 521 (8th Cir.2007)).

## DISCUSSION

Plaintiff's "Memorandum for Clerk" contains none of the necessary elements of an Amended Complaint. It clearly fails to notify Defendant U.S. Bank what the allegations against it are. Defendant cannot begin to address Plaintiff's claims through this "Memorandum"

Moreover, the Court has dismissed the individual defendants, and it appears Plaintiff is attempting to bring these individuals back into this litigation.

3

Plaintiff has ignored the Court's guidance and detailed discussion of what is required. She has failed to comply with the Court's November 22 2016, Order. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Strike and to Dismiss, [Doc. No. 35], is GRANTED.

**IT IS FURTHER ORDERED** that the "Memorandum for Clerk" filed by Plaintiff on December 6, 2016 is STRICKEN..

**IT IS FURTHER ORDERED** that this matter is dismissed for failure to comply with the Court's November 22, 2016 Opinion, Memorandum and Order.

Dated this 27th day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE